**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Alexis Wilson, Kaitlin Shoemaker, and Gabrielle Marie Hauze, on behalf of themselves and similarly situated employees,** | : | **Civil Action No. _________** |
| ***Plaintiff*,** | : | **Electronically Filed** |
| **v.** | : | |
| **HARVEST HOSPITALITIES, INC., HARVEST 568 INC., HARVEST 3405 INC., HARVEST 3614 INC., AND SATTAR SHAIK,** | : | **Jury Trial Demanded** |
| ***Defendants.*** | : | |

**INDIVIDUAL, COLLECTIVE, AND CLASS-ACTION COMPLAINT**

1. Plaintiffs Alexis Wilson, Kaitlin Shoemaker, and Gabrielle Marie Hauze (collectively "Plaintiffs") bring this individual and collective/class action against Defendants Harvest Hospitalities, Inc., Harvest 568 Inc., Harvest 3405 Inc., Harvest 3614 Inc., and Sattar Shaik (collectively "Defendants") under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 206, 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104 & 333.113, the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1 *et seq.* (breach of contract), and the common law of contract, to recover damages related to the non-payment of wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Philadelphia, Pennsylvania, where Plaintiff worked for Defendants' centrally managed enterprise. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Eastern District of Pennsylvania.

**Parties**

4. **Plaintiff Alexis Wilson** resides in Fairless Hills, Pennsylvania. Plaintiff Wilson worked for Defendants in non-server staff positions from on or about April 27, 2019, until on or about November 17, 2019.

5. **Plaintiff Kaitlin Shoemaker** resides in Moosic, Pennsylvania. Plaintiff Shoemaker worked for Defendants as a server and in non-server staff positions from on or about February 22, 2019, until on or about January 23, 2020.

6. **Plaintiff Gabrielle Marie Hauze** resides in Freeland, Pennsylvania. Plaintiff Hauze worked for Defendants as a server and in non-server staff positions from on or about October 1, 2020, until on or about April 30, 2021.

7. **Defendant Harvest Hospitalities, Inc., (hereinafter "Harvest")** is a restaurant chain operating over twenty (20) IHOP restaurants in Pennsylvania and nearby states.

**a.** Harvest operates IHOP restaurants in Pennsylvania, New Jersey, Maryland, and Virginia.

**b.** In the Philadelphia area, Harvest operates IHOP restaurants designated as Stores #568, 3405, and 3614.

8. **Defendant Sattar Shaik** (hereinafter referred to as "Shaik" or "Defendant Shaik") is the owner and operator of Defendant Harvest and exercises operational control over Defendant Harvest and over issues of pay and operation of the IHOP restaurants, maintaining a registered office at 19971 Belmont Station Drive, Ashburn, VA 20147.

9. **Defendant Harvest Entities**. Defendant Sattar Shaik owns, and Defendants Sattar Shaik and Harvest Hospitalities, Inc., operate 3 IHOP restaurants in the Philadelphia area through a network of corporate entities (the "Harvest Entities"). The following Harvest Entities are hereby named as defendants in this complaint: Harvest 568 Inc., Harvest 3405 Inc., and Harvest 3614 Inc.

a. The Harvest Entities are corporate entities through which Defendant Shaik and/or Harvest Hospitalities, Inc., own and operate the more than twenty IHOP restaurants. A list of the IHOP stores in the Harvest enterprise is attached hereto as Exhibit A.

b. Defendants Shaik, Harvest, and Harvest Entities (collectively, the "Defendants") are an enterprise as defined in Section 203(r) of the FLSA (the "Harvest Enterprise").

i. Defendants Harvest and Harvest Entities are under the common ownership and control of Defendant Shaik and are organized for the common purpose of managing IHOP restaurants in Pennsylvania and throughout the United States.

ii. Activities at each of the IHOP restaurants owned and operated by Defendant Shaik and/or Harvest were subject to common management and the same policies and procedures, including the same policies and procedures regarding the employment of hourly workers like Plaintiffs.

iii. Each IHOP restaurant had a restaurant manager, who reported to a district manager.

iv. Each district manager, employed by Defendant Shaik and/or a corporate entity in the enterprise, oversaw multiple IHOP restaurants, each of which was usually owned (by Defendant Shaik and/or another corporate entity in the enterprise) through a corporate entity, such as "Harvest 3223 Inc." or "Harvest 3228 Inc." for that particular IHOP restaurant.

v. The district managers reported directly to J. Poppovich, the Director of Operations for Defendants Shaik and Harvest.

vi. The district managers also reported directly to J. Gonzalez, the Human Resources Manager for Defendants Shaik and Harvest.

vii. Poppovich had operational responsibilities for the IHOP restaurants.

viii. Gonzalez had HR responsibilities for the IHOP restaurants.

ix. Poppovich and Gonzalez reported directly to Defendant Shaik, who also often gave direct instructions to Harvest managers.

10. At all relevant times Defendants have been an enterprise engaged in interstate commerce with annual revenues more than $500,000 and have been subject to the provisions of Section 203(s)(1) of the FLSA.

11. Defendants employ more than 400 full time employees.

12. Defendants have combined annual revenues more than $20 million.

13. Defendants have regularly employed individuals in the Commonwealth of Pennsylvania in the performance of work on behalf of Defendants and are, therefore, subject to the provisions of the PMWA and the WPCL.

14. Defendants are employers within the meaning of the FLSA. 29 U.S.C. §§ 203(d), 203(e), 203(g).

15. Defendants are employers within the meaning of the PMWA.

**Statement of Claims**

16. Plaintiffs were hourly employees who worked in the IHOP restaurants of Defendant Shaik, Defendant Harvest, and one or more Harvest Entities.

17. As noted above, some Plaintiffs were Servers (paid at the tipped hourly rate plus tips) and some Plaintiffs were non-Server Staff (paid at an hourly rate).

18. As used in this complaint, the term "Hourly Employees" refers collectively to the Plaintiffs and all Servers and non-Server Staff who were employed by Defendants at Stores #568, 3405, and/or 3614 at any time since September 28, 2018, in addition to all Servers and non-Server Staff who were employed by Defendants at Stores #568, 3405, and/or 3614, and who filed an opt-in form under the Fair Labor Standards Act, 29 U.S.C. § 216(b), in the lawsuit captioned *Duke v. Harvest Hospitalities, Inc., et al.*, No. 2:20-cv-865 (W.D. Pa.) (the "Duke Opt-ins").

19. For purposes of the applicable statute of limitations, the claims of the Duke Opt-ins were equitably tolled from the date of their respective opt-in forms being filed in *Duke v. Harvest Hospitalities, Inc., et al.*, through the date they were dismissed without prejudice from that action pursuant to that court's order dated September 17, 2021.

20. There were typically around twenty (20) Hourly Employees employed at any given time at each of Defendants' stores.

21. Plaintiffs and the other Hourly Employees were W-2 employees of the Defendants.

22. Plaintiffs and the other Hourly Employees were and are employees within the meaning of the FLSA.

23. Plaintiffs and the other Hourly Employees are employees within the meaning of the PMWA and WPCL.

24. Plaintiffs and the other Hourly Employees were non-exempt within the meaning of the FLSA and the PMWA.

25. Defendants promised that Servers would be paid at the tipped hourly rate plus tips for time worked as a Server, plus applicable overtime.

26. Defendants promised that non-Server Staff would be paid an hourly rate (the exact rate varying among non-Server Staff), plus applicable overtime.

27. Plaintiffs and the other Hourly Employees relied on the wage promises made by Defendants, and Plaintiffs and the other Hourly Employees in fact performed work for Defendants based on those promises.

28. Defendants' promises, and Plaintiffs and the other Hourly Employees' reliance on these promises and performance based on these promises, created an enforceable contract to pay the promised wages.

29. Plaintiffs and the other Hourly Employees were also entitled to be paid minimum wages and overtime wages in accordance with the FLSA and the PMWA.

30. Plaintiffs and other Hourly Employees worked overtime hours in one or more workweeks during their employment.

31. Notwithstanding the enforceable promises to pay Hourly Employees the promised rates for all their hours worked, and notwithstanding the legal obligation to pay minimum wages and overtime wages (one-and-one-half times the promised hourly rate), Defendants failed to pay to Plaintiffs and the other Hourly Employees their regular rate of pay for hours worked or the required overtime pay for hours worked more than 40 hours in workweeks. In some instances, Defendants also failed to pay minimum wages to Plaintiffs and the other Hourly Employees.

32. Specifically, Defendants engaged in several practices and policies that resulted in the underpayment of promised wages, overtime wages, and minimum wages:

a. Defendants' restaurant managers and district managers intentionally falsified the time records of Plaintiffs and the other Hourly Employees. The managers made these falsifications by modifying Hourly Employees' time records in Defendants' computerized timekeeping system.

b. Defendants' high-ranking managers (including their Head of Human Resources and Director of Operations) intentionally falsified the time records of Hourly Employees. They made these falsifications by modifying Hourly Employees' time records in Defendants' computerized timekeeping and payroll systems.

c. Defendants' restaurant managers regularly ordered Hourly Employees to "clock out" of the computer system but continue working off the clock. Defendants' restaurant managers gave these orders to comply with labor control policies and requirements set down by the Defendants.

d. Defendants' restaurant managers required Servers to claim more in tips than they actually received, so that Defendants would not have to supplement Servers' non-tip wages to satisfy the minimum wage.

e. Defendants' restaurant managers required Servers to work in a non-server, non-tipped capacity—doing so-called "side work," such as cleaning dishes, cleaning bathrooms, cleaning silverware, and so forth—for which the Servers were paid only the tipped minimum wage but without getting any tips, which amounted to work below the minimum wage.

f. Defendants failed to pay anything at all for some employees for some pay periods.

33. These policies and practices were undertaken at the direction of Defendant Shaik and/or upper-level managers (including Defendants' Director of Operations and the Human Resources Manager), and were carried out by these managers, including at the stores where Plaintiffs and other Hourly Employees worked.

34. Plaintiffs and the other Hourly Employees clocked in and clocked out each day or shift in a computer-based system by entering when they started to work, when—if at all—they took a meal break, and when they stopped working at the end of the day or shift.

35. By making falsifications to Hourly Employees' time and payroll records, and by requiring Hourly Employees to work off the clock, Defendants unlawfully reduced the number of hours for which Hourly Employees were paid. This resulted in non-payment of promised wages, non-payment of overtime wages (to the extent overtime hours were reduced through these practices), and, in some cases, the non-payment of minimum wages.

36. Defendants knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that they maintain accurate records of time worked, at 29 U.S.C. § 206(a), that they pay an average weekly rate of pay for hours work that is equal to or exceeds minimum wage, and at 29 U.S.C. §207(a) that they pay at time-and-one-half the regular rate of pay for overtime worked.

37. Defendants also knowingly violated the PMWA by failing to pay the required minimum wages and overtime wages to Hourly Employees.

38. Defendants also knowingly violated the WPCL and the common law of contracts by breaching their contractual duty to pay Hourly Employees their promised wages.

39. As a result of Defendants' breaches, Plaintiff and the other Hourly Employees have been denied the benefit of the bargain and have suffered substantial damages in the form of unpaid wages.

40. Defendants' violations of the FLSA, PMWA, and WPCL have been knowing, willful, and in reckless disregard of these laws.

**Class/Collective Action Allegations**

41. Plaintiffs brings their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b), and bring their PMWA, WPCL and breach of contract claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class/collective: all Hourly Employees (as defined in Paragraph 18 above).

42. Plaintiffs' FLSA claim should proceed as a collective action because they and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

43. Class action treatment of Plaintiffs' PMWA, WPCL and breach of contract claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

44. The class, upon information and belief, includes over 200 individuals, all of whom are readily ascertainable based on Defendants' business records and are so numerous that joinder of all class members is impracticable.

45. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

46. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

47. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

48. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**Count I: Violation of the FLSA**
**Failure to Pay Overtime**
**(Individual and Collective Action – Hourly Employees)**

49. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

50. Hourly Employees are "employees" of Defendants within the meaning of the FLSA.

51. Defendants are "employers" within the meaning of the FLSA.

52. Hourly Employees were promised and generally were paid an hourly rate.

53. Hourly Employees were subjected to the policies and practices described in this complaint.

54. Hourly Employees worked more than forty hours per week (overtime work) in one or more workweeks.

55. Defendants have not paid overtime compensation to Hourly Employees for all hours of overtime as required by the FLSA. *See* 29 U.S.C. § 207(a)(1).

56. Defendants have not paid overtime compensation to Hourly Employees at the proper overtime rate. *See* 29 U.S.C. § 207(a)(1).

57. Defendants have failed to maintain accurate records of time worked by Hourly Employees.

58. Hourly Employees are non-exempt within the meaning of the FLSA.

59. For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and time-keeping requirements.

60. Hourly Employees are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

61. Hourly Employees are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## Count II: Violation of the PMWA
## Failure to Pay Overtime
## (Individual and Class Action – Hourly Employees)

62. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

63. Hourly Employees are "employees" of Defendants within the meaning of the PMWA.

64. Defendants are "employers" within the meaning of the PMWA.

65. Hourly Employees have been subjected to the policies and practices described in this complaint.

66. Defendants have failed to pay Hourly Employees all the overtime wages they are due under the PMWA. *See* 43 P.S. § 333.104(c).

67. Defendants have not paid overtime compensation to Hourly Employees at the proper overtime rate. *See* 43 P.S. § 333.104(c).

68. Defendants' failure to maintain accurate records of time worked for Hourly Employees violates the PMWA.

69. Hourly Employees are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

## Count III: Breach of Contract
## (Individual and Class Action – Hourly Employees)

70. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

71. When Defendants hired Plaintiffs and the other Hourly Employees, Defendants made definite, clear promises to pay a certain hourly rate for hours worked.

72. Those promises created enforceable contractual obligations.

73. Plaintiffs and the other Hourly Employees provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

74. Despite its contractual obligation to compensate Plaintiffs and the other Hourly Employees for work performed, Defendants breached those contractual obligations when they implemented the practices and procedures described above and thus failed to pay Plaintiffs and the other Hourly Employees what they were owed.

75. The amounts owed to Plaintiffs and the other Hourly Employees represent wages.

76. Defendants did not have a good-faith basis on which to withhold the wages.

77. As a result of Defendants' breaches, Plaintiffs and the other Hourly Employees have been denied the benefit of the bargain and have suffered substantial damages in the form of unpaid wages.

78. Plaintiffs and the other Hourly Employees are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## Count IV: Violation of the Pennsylvania WPCL
## (Individual and Class Action – Hourly Employees)

79. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

80. Defendants' contractual obligation to pay Hourly Employees for hours worked at an agreed-upon amount created obligations under the Pennsylvania WPCL. *See* 43 P.S. § 260.1 *et seq.*

81. The compensation Defendants failed to pay to Hourly Employees for hours worked constitutes wages within the meaning of the WPCL.

82. Defendants violated the WPCL by failing to pay the promised wages.

83. Defendants did not have any good-faith basis for withholding the promised wages.

84. Hourly Employees are entitled to unpaid wages as well as statutory penalties (greater of $500 or 25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

**Count V: Violation of the FLSA**
**Failure to Pay Minimum Wages**
**(Individual and Collective Action – Hourly Employees)**

85. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

86. Plaintiffs and the other Hourly Employees were subjected to the policies and practices described in this complaint.

87. Those policies and practices resulted in the failure by Defendants to pay required minimum wages to Plaintiffs and the other Hourly Employees. *See* 29 U.S.C. § 206(a)(1)(c).

88. Defendants' failure to pay average hourly rates above the minimum wage violated and continues to violate the FLSA. *See* 29 U.S.C. § 206(a)(1)(c).

89. For at least the past three years, violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's minimum wage and time-keeping requirements.

90. Plaintiffs and the other Hourly Employees are entitled to recover from Defendants amounts sufficient to ensure that each hourly employee was paid at a minimum wage for each workweek, plus liquidated damages, interest, attorneys' fees, and costs.

91. Plaintiffs and the other Hourly Employees are also entitled to recover liquidated damages under 29 U.S.C. §§ 206(a) & 216(b).

**Count VI: Violation of the PMWA**
**Failure to Pay Minimum Wages**
**(Individual and Class Action – Hourly Employees)**

92. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

93. Hourly Employees were subjected to the policies and practices described in this complaint.

94. Those policies and practices resulted in the failure by Defendants to pay required minimum wages to Hourly Employees as required under the PMWA. *See* 43 P. S. § 333.104(a.1).

95. The Hourly Employees are entitled to recover from Defendants amounts sufficient to ensure that each hourly employee was paid at a minimum wage for each workweek, plus interest, attorneys' fees, and costs.

**Attachments**

96. A list of the IHOP stores in the Harvest enterprise is attached hereto as Exhibit A.

97. Consent forms of the Plaintiffs, under 29 U.S.C. § 216(b), are attached hereto as Exhibit B.

98. Additional Hourly Worker consent forms, under 29 U.S.C. § 216(b), are attached hereto as Exhibit C. It is anticipated that additional consent forms will be filed.

**Demand for Jury Trial**

99. Plaintiffs demand a jury trial on all claims and matters set forth in this complaint.

**Prayer for Relief**

100. WHEREFORE, Plaintiffs and the other Hourly Employees respectfully request that this Court:

a. Order Defendants to pay the unpaid overtime compensation owed to Plaintiffs and the other Hourly Employees;

b. Order Defendants to pay liquidated damages and statutory penalties to Plaintiffs and the other Hourly Employees;

c. Order Defendants to pay Plaintiffs and the other Hourly Employees for unpaid non-overtime wages;

d. Order Defendants to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and the other Hourly Employees; and

e. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/ Joseph H. Chivers

Joseph H. Chivers (PA Bar No. 39184)
jchivers@employmentrightsgroup.com
THE EMPLOYMENT RIGHTS GROUP LLC
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, Pennsylvania 15222
Tel.: (412) 227-0763
Fax: (412) 774-1994

Andrew Santillo
asantillo@winebrakelaw.com
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, Pennsylvania 19025
Tel.: (215) 884-2491
Fax: (215) 884-2492

Jeffrey W. Chivers
jwc@chivers.com
Chivers LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Tel.: (718) 210-9826

*Counsel for Plaintiffs*
*and all others similarly situated*

Dated: September 28, 2021